**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EOIR HOLDINGS LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:09-cv-01707-ESH |
| | ) | 1:09-mc-0490-ESH |
| TECHNEST HOLDINGS, INC., | ) | |
| | ) | |
| Respondent. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF EOIR HOLDINGS LLC'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF RESPONDENT'S PETITION TO VACATE ARBITRATION AWARD**

Respondent EOIR Holdings LLC ("Holdings") respectfully submits this Reply Memorandum in support of its request that the Court Stay the Petition of Technest Holdings, Inc. ("Technest") to confirm an arbitration award, pending the resolution of Holdings' Petition to Vacate the same arbitration award.

There are currently two, consolidated actions pending before the Court with respect to a single arbitration award issued in a matter between Technest and Holdings, dated August 21, 2009. Technest filed a Petition to Confirm that award in the Eastern District of Virginia, which has since been transferred by the Eastern District to this Court.[1] Holdings filed a timely Petition to Vacate that same award in this Court, on September 8, 2009. On September 15, 2009, this Court *sua sponte* ordered the consolidation of the two actions.

Although formally captioned as a stay (in accordance with the language of the Federal Arbitration Act, 9 U.S.C. § 12, and reflecting the fact that, when filed, the cases were before different courts) given the transfer and consolidation, the relief Holdings seeks here is

---

[1] Technest initially filed that action in the Eastern District of Virginia on August 24, 2009 as *Technest Holdings, Inc. v. EOIR Holdings LLC*, Case No. 1:09-mc-00037-AJT-TCB (E.D. Va). In an Order dated September 11, 2009, the Eastern District of Virginia transferred Case No. 1:09-mc-0037-AJT-TCB to the District of the District of Columbia.

fundamentally in the nature of case management.  Holdings seeks to have this Court consider the grounds it believes require the award to be vacated at the same time as it considers the request of Technest to confirm the award.  With the two cases now in the same Court and before the same judge, this is the only logical approach to the matter.  Indeed, in its Petition to Confirm, Technest implicitly recognizes that the issue of whether there is a basis for vacating must be resolved before the award may be confirmed as it alleges as a basis for its Petition that:  "There are no grounds for vacating, modifying, or correcting the Award."  Petition to Confirm ¶ 12.  Holdings' Petition to Vacate asserts the diametrically opposite position:  there are substantial grounds for vacating that same award.  Since the resolution of one case dictates the result of the other, logic and judicial economy dictate that this Court should not confirm the arbitration award before reaching the merits of whether the award should be vacated.

## DISCUSSION

This Court should decide whether there is a basis to vacate the award prior to or concomitant with its analysis of whether the award should be confirmed.  Proceeding in this fashion is consistent with the express terms of Section 12 of the Federal Arbitration Act, 9 U.S.C. § 12, and ensures efficient case management given the inextricably intertwined nature of the issues in these two consolidated actions.

There are surprisingly few cases explicitly addressing the issue before the Court, perhaps because most litigants fully appreciate the logic of deciding these related issues simultaneously. In case after case before this Court, the Court has decided the question of whether to vacate an award or confirm it simultaneously, issuing a single opinion and order.  *See, e.g.*, *Regnery Publ'g, Inc. v. Miniter*, 601 F. Supp. 2d 192 (D.D.C. 2009) (deciding petition to vacate award and petition to confirm same award simultaneously); *Williams Fund Private Equity Group, Inc.*

*v. Engel*, 519 F. Supp. 2d 100 (D.D.C. 2007) (same); *Howard Univ. v. Metro. Campus Police Officer's Union*, 519 F. Supp. 2d 27 (D.D.C. 2007) (same), *aff'd*, 512 F.3d 716 (D.C. Cir. 2008). That practical result follows as both a matter of basic case management and from the structure of the Federal Arbitration Act.  Section 9 of the FAA provides that the court "must grant such an order [confirming the award] *unless* the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C. § 9 (emphasis added); *see also Bryson v. Gere*, 268 F. Supp. 2d 46, 54 (D.D.C. 2003) (because the Court "*already* determined that the Award may not [be] vacated, modified or corrected . . . *[t]herefore*, this Court is bound to confirm the Award" (citing 9 U.S.C. § 9) (emphases added)).  Section 12 provides that the Court in which a petition to vacate is brought has the power to stay an action to enforce the award even if the enforcement action is brought in *another* court.  9 U.S.C. § 12.  Nothing in the Act suggests that if a party seeking confirmation of an award wins a race to the courthouse and files a Petition to Confirm days before the opposing party files its Petition to Vacate that the Petition to Confirm is decided in a vacuum – without consideration of the grounds to vacate the award.  To the contrary, the cases recognize that "the Court must ensure that [the party seeking to vacate the award] has a full chance to make whatever objections he can to an award."  *Kanuth v. Prescott, Ball & Turben, Inc.*, No. 88-1416, 1990 WL 91579, at *3 (D.D.C. June 19, 1990).  *See also Marsillo v. Geniton*, No. 03 Civ. 2117(TPG), 2004 WL 1207925, at *4 (S.D.N.Y. June 1, 2004) (noting that "[a] stay of proceedings to confirm an arbitration award is contemplated . . . in order to permit consideration of motions to vacate, modify or correct an award").

Contrary to Technest's bombastic claims that Holdings seeks an "indefinite stay" and has asked to delay these proceedings, Opp. 1, 2, quite the opposite is true.  Holdings filed a timely Petition to Vacate.  Under the Federal Arbitration Act, Holdings had three months from the

delivery of the award to file its Petition to Vacate.  9 U.S.C. § 12.  Holdings filed within 15 days of the Award.[2]  The stay will last only so long as the time necessary for this Court to resolve the question of whether there are grounds to vacate the award.  There is no reason to believe that will require a particularly lengthy process.  If the Court rejects the Petition to Vacate, presumably this Court will simultaneously confirm the Award.

Finally, there is no basis for Technest's demand that the Court order the posting of a bond by Holdings.  Nothing in the Federal Arbitration Act conditions the consideration of a Petition to Vacate on the filing of a bond.  The cases relied on by Technest are exclusively ones governed by Federal Rule of Civil Procedure 62 ("Stay of Proceedings to Enforce a Judgment").  Technest's attempt to equate an arbitration award to a judgment in a federal court is made without citation to a single case finding such an equivalence.  Rule 62, which applies to judgments, is plainly not applicable.  Treating an unconfirmed award as a judgment and requiring a bond would fundamentally put the cart before the horse.  As 9 U.S.C. § 9 and the cases discussed above indicate, before this Court may confirm an award and convert it into a judgment it must satisfy itself that the award is not one that should be vacated.  Indeed, Technest's own Petition recognizes this.  Among the very few facts alleged in support of its request for confirmation is the, as yet not determined, assertion that "[t]here are no grounds for vacating, modifying, or correcting the Award."  Petition to Confirm ¶ 12.

For the foregoing reasons, EOIR Holdings LLC respectfully requests that this Court stay any confirmation of the arbitration award until such time as it has ruled on the grounds presented to vacate that same award.

---

[2] There was a technical problem with the form of Holdings' original Petition to Vacate filed on Friday, September 4, 2009, so it was not docketed until the Tuesday after Labor Day, September 8, 2009.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

/s/     John K. Villa
John K. Villa (DC Bar No. 220392)
John J. Buckley, Jr. (DC Bar No. 925081)
Kenneth C. Smurzynski (DC Bar No. 442131)
Steven M. Pyser (DC Bar No. 502618)
725 Twelfth Street, N.W.
Washington, DC  20005
202-434-5000 (phone)
202-434-5029 (fax)

Gary H. Nunes (DC Bar No. 417623)
Keith J. Mendelson (DC Bar No. 385882)
Lesley Whitcomb Fierst (DC Bar No. 478176)
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike, Fourth Floor
Tysons Corner, VA  22182
703-790-3310 (phone)
703-918-2243 (fax)
Counsel for Respondent EOIR Holdings LLC

## **Certificate of Service**

I certify that on September 17, 2009, I served the foregoing Reply Memorandum in Support of Respondent EOIR Holdings LLC's Motion to Stay Proceedings Pending Resolution of Respondent's Petition to Vacate Arbitration Award electronically with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to Carmine R. Zarlenga, III, Esq., Howrey LLP, 1299 Pennsylvania Ave., NW, Washington, D.C. 20004, counsel for Respondent.

/s/      Steven M. Pyser